**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:16-cv-721-FDW**
**(3:05-cr-371-FDW-DCK-1)**

| | | |
|---|---|---|
| **CHAVIUS MARQUETTE BARBER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, in which Petitioner Chavius Marquette Barber seeks vacatur of his 2006 conviction for being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g)(1), in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner also seeks relief from a 2009 judgment revoking Petitioner's supervised release and sentencing him to 18 months in prison, arising from the felon-in-possession conviction. Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

In its response, the Government agrees that Petitioner's felon-in-possession conviction should be vacated. The Government argues, however, that Petitioner should not receive relief from this Court's 2009 judgment revoking Petitioner's supervised release and sentencing him to 18 months in prison. For the following reasons, the Court grants Petitioner's motion to vacate his underlying felon-in-possession conviction. The Court further agrees with Petitioner that he is

1

entitled to relief from the 2009 judgment revoking Petitioner's supervised release and sentencing him to 18 months in prison.

## I. BACKGROUND

Petitioner was initially indicted on October 24, 2005, and charged with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g). (Crim. Case No. 3:05cr371, Doc. No. 1: 2005 Indictment). In charging Petitioner as a felon-in-possession, the Government relied on Petitioner's 2004 conviction for possession of cocaine in Mecklenburg County Superior Court, for which Petitioner received a prison sentence of 5 to 6 months. See (Crim. Case No. 3:07cr61-FDW-4, Doc. No. 347 at ¶ 43: PSR). Petitioner entered a straight-up plea of guilty in this Court to the felon-in-possession offense on February 16, 2006. (Crim. Case No. 3:05cr371, Doc. No. 19: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to one year and one day in prison, to be followed by two years of supervised release, with the Court entering judgment on June 1, 2006. (Id., Doc. No. 23: Judgment).

Petitioner served his sentence for the felon-in-possession conviction, was released, and commenced serving his two years of supervised release on July 27, 2006. (Crim. Case No. 3:05cr371, Doc. No. 26: Probation Petition). On March 27, 2007, Petitioner was indicted in case number 3:07cr61 and charged with conspiracy to possess with intent to distribute powder and crack cocaine, marijuana, and ecstasy, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and with four counts of distribution of crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Crim. Case No. 3:07cr61-FDW-4, Doc. No. 3: Sealed Indictment). Three months later, the probation office filed a petition seeking revocation of Petitioner's supervised release on the felon-in-possession conviction, case number 3:05cr371. See (Crim. Case No. 3:05cr371, Doc. No. 26). Petitioner subsequently pleaded guilty to the

drug-trafficking offense charged in case number 3:07cr61, in accordance with a written plea agreement between Petitioner and the Government in which the parties agreed that Petitioner would be held responsible for 512 grams of crack. (Crim. Case No. 3:07cr61-FDW-4, Doc. No. 197: Plea Agreement; Doc. No. 216: Acceptance and Entry of Guilty Plea). This Court sentenced Petitioner to 240 months in prison, to be followed by 10 years of supervised release, entering its judgment on January 5, 2009. (Id., Doc. No. 390: Judgment). That same day, this Court conducted a hearing on the revocation of Petitioner's supervised release in case number 3:05cr371 (the felon-in-possession conviction) and found that Petitioner violated the terms of his supervised release. (Crim. Case No. 3:05cr371, Doc. No. 30: Judgment on Revocation Proceedings). This Court sentenced Petitioner to 18 months in prison for the violation of his supervised release, to run consecutively to his sentence in case number 3:07cr61 (the drug-trafficking conviction). (Id.).

In 2013, Petitioner filed a petition under 28 U.S.C. § 2241, purporting to seek relief from both his 2005 felon-in-possession conviction in case number 3:05cr371 and from his 20-year sentence in case number 3:07cr61. Barber v. Atkinson, No. 0:13-2775-DCN-PJG (D.S.C.). Petitioner filed his petition in the District of South Carolina and based his claims for relief on the Fourth Circuit's decision in Simmons. The district court in the District of South Carolina construed Petitioner's motion as a motion for coram nobis and transferred the matter to this Court. That case remains pending in this district as case number 3:14cv365, but it has been stayed pending a decision by the Fourth Circuit Court of Appeals in United States v. Surratt, Case No. 14-6851.

On October 18, 2016, Petitioner filed the instant petition through counsel. (Doc. No. 1). On January 12, 2017, the Government filed its response. (Doc. No. 5). On January 18, 2017,

and January 23, 2017, respectively, Petitioner filed a Reply and an Amended Reply. (Doc. Nos. 6, 7).

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

As noted, Petitioner seeks the vacatur his felon-in-possession conviction and also seeks the vacatur of the 18-month sentence imposed upon the revocation of his supervised release in that same action. Petitioner contends that, in light of Simmons, he was erroneously convicted of being a felon-in-possession of a firearm based on a prior conviction that does not qualify. The Government has waived the statute of limitations as to this claim and concedes that Petitioner's motion to vacate his conviction should be granted. The Court agrees. Here, based on Petitioner's presentence report and the judgment attached to his motion to vacate, he has not been convicted of an offense for which he could have received a sentence of more than one year. Under Simmons, then, Petitioner's prior felony conviction was not punishable by more than one year in prison, and because Petitioner had no more serious prior convictions, he lacks a qualifying predicate conviction. Accordingly, Petitioner's 2006 felon-in-possession conviction in case number 3:05cr371 is vacated.

In his motion to vacate, Petitioner also asks this Court to "strike the 18-month sentence imposed on January 21, 2009," based on the revocation of his supervised release, arguing that when the original judgment containing the terms and conditions of supervised release is vacated, any sentence imposed for violating the terms of that supervised release must also be vacated. The Government opposes the vacatur of Petitioner's 18-month supervised-release prison sentence, arguing that the 18-month sentence "is a judgment separate from the underlying criminal judgment and which was based on [Petitioner's] violation of the conditions of supervised release in addition to his original felon-in-possession offense." (Doc. No. 5 at 7).

The Court agrees with Petitioner that, because Petitioner's Section 922(g) conviction in case number 3:05cr371 is being vacated, the prison sentence imposed on Petitioner for a violation of supervised release in that case must also be vacated. See United States v. Fareed, 296 F.3d 243, 247 (4th Cir. 2002) ("The Supreme Court held in Johnson [v. United States, 529 U.S. 694 (2000)] that post-revocation prison sentences are sentences for the original federal crime, not punishment for the violation of the terms of supervised release."); United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002) (same); Parker v. United States, No. 3:12-cv-495-RJC (W.D.N.C. Sept. 15, 2015) (vacating both the underlying 18 U.S.C. § 922(g)(1) conviction and the petitioner's subsequent revocation judgment in light of Simmons); see also Hamilton v. United States, No. 3:12-cv-128-RJC (W.D.N.C. Apr. 10, 2014) (same); Brewington v. United States, No. 4:12cv-225-FL (E.D.N.C. Nov. 8, 2012) (stating that "[w]here the court has determined that petitioner's conviction must be vacated, the motion for revocation of supervised release based on that conviction must be dismissed"). Indeed, the Government has conceded in a very similar action in another district court in North Carolina that "binding precedent" requires

such result.[1] See United States v. Johnson, No. 5:09-cr-82-D, Doc. No. 52 at 7 (E.D.N.C. Oct. 5, 2012) (vacating the defendant's original conviction and sentence and dismissing a pending motion for revocation of supervised release, where the Government conceded that "binding precedent [Johnson v. United States, 529 U.S. 694 (2000), United States v. Fareed, 296 F.3d 243, 247 (4th Cir. 2002), and United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002)] foreclose[d]" it from arguing that "despite its view that [the defendant's] 922(g) conviction should be vacated in light of Simmons, he should nevertheless be punished for the separate harm of his supervised release violation").

## IV.    CONCLUSION

For the reasons stated herein, Petitioner's judgment of conviction in case number 3:05cr371 for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) is hereby vacated.[2] Petitioner's 18-month sentence based on the revocation of his supervised release in case number 3:05cr371 is also vacated.[3]

---

[1]   The Court agrees with Petitioner that although the petitioner in Johnson had not yet been sentenced for his supervised release violation, and the Government conceded that dismissal of the pending revocation proceedings was appropriate, the result should be no different in a case such as this one, where the revocation sentence has already been imposed. Accord United States v. Thomas, 135 F.3d 873, 876 (2d Cir. 1998) (stating that there can be no violation of a term of probation that was imposed illegally, and a sentence "based on the revocation of that probation must also be vacated").

[2]   Given that the Court is granting Petitioner's motion to vacate his conviction it appears that part of Petitioner's habeas petition under 2241 in case number 3:14cv365, which has been stayed pending Surratt, may be moot to the extent that Petitioner also challenges his conviction in case number 3:05cr371 in that action.

[3]   To avoid confusion, the Court notes that Petitioner is still serving a 20-year sentence on his conviction in case number 3:07cr61. This Order does not entitle him to be released from prison. The 18-month sentence being vacated here was to run consecutively to his sentence in case number 3:07cr61.

**IT IS, THEREFORE, ORDERED** that:

Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**.   Petitioner's 2006 felon-in-possession conviction in case number 3:05cr371, is hereby vacated, (Case No. 3:05cr371, Doc. No. 23), and the 2009 judgment and 18-month sentence based on the revocation of his supervised release in that same case is also vacated, (Id., Doc. No. 30).

Signed: February 28, 2017

Frank D. Whitney
Chief United States District Judge